EMPIRE THEATRE, INC., AND ISADORE HIRST, PROSECU-
TORS, v. UNEMPLOYMENT COMPENSATION COMMIS-
SION OF NEW JERSEY, DEFENDANT.

Argued October 7, 1947—Decided October 20, 1947.

Before Justices DONGES, COLIE and EASTWOOD.

For the prosecutors, *Harry Green.*

For the defendant, *Charles A. Malloy* (*Herman D. Ringle,*
of counsel).

The opinion of the court was delivered by

COLIE, J. This writ of *certiorari* brings up for review
a decision of the Unemployment Compensation Commission of
New Jersey that "The services of the entertainers in question
constituted employment as defined by the Unemployment
Compensation Law, and the refund of the contributions paid
by petitioners with respect to the remuneration of the enter-
tainers is hereby denied." The question at issue is whether
specialty act performers engaged in a burlesque theatre usually
for a week, sometimes for two weeks in a year, receiving their
pay from the theatre, are within the term "employment" as
defined in *R. S.* 43:21–19. The applicable part of the cited
section reads:

"(i) (1) 'Employment' means service, including service in
interstate commerce performed for remuneration or under
any contract of hire, written or oral, express or implied."

"(6) Services performed by an individual for remuneration
shall be deemed to be employment subject to this chapter

unless and until it is shown to the satisfaction of the commission that

"(A) such individual has been and will continue to be free from control or direction over the performance of such services, both under his contract of service and in fact; and

"(B) such service is either outside the usual course of the business for which such service is performed, or that such service is performed outside of all the places of business of the enteprise for which such service is performed; and

"(C) such individual is customarily engaged in an independently established trade, occupation, profession or business."

In *Electrolux Corp.* v. *Board of Review,* 129 *N. J. L.* 157, the Court of Errors and Appeals held that all services performed by an individual for remuneration were employment within the purview of the act, unless all three tests enumerated above as A, B, C, are met. Referring to test B it is obvious that the service to be performed by the specialty artists in this case was not "outside of all the places of business of the enterprise for which such service is performed." Since the service does not meet test B above quoted, it is, under the cited decision, to be considered employment subject to the act. The writ of *certiorari* is dismissed, with costs.